## MICKLESON v. LAYTON.

No. 4135.   Opinion Filed June 10, 1913.

*Appeal from County Court, Pawnee County;*
*Fred S. Liscum, Judge.*

Action between D. D. Mickleson and D. B. Layton.   From a judgment in the trial court, D. D. Mickleson brings error. Dismissed.

*Goodwin & Hayes,* for plaintiff in error.
*Wm. Blake* and *A. C. Hazlett,* for defendant in error.

KANE, J.   This cause comes on to be heard upon motion to dismiss upon the following grounds:

"(1)   Said purported case-made shows that neither the defendant in error nor his attorneys were ever served with a notice of the time and place of signing and settling said case-made, nor given an opportunity to suggest amendments thereto, nor ever waived the suggestion of amendments to such purported case-made, nor ever waived notice of the signing and settling of said purported case-made.

"(2)   Said purported case-made does not show that it was ever settled and signed by the trial judge, as required by law.

"(3)   Said purported case-made does not show that the clerk of the trial court ever attested the signature of the trial judge, or attached the seal of said court to any order of the trial judge settling said purported case-made.

"(4)   Said purported case-made does not show that the same, or the original thereof, was ever filed in said cause in the trial court.

"(5)   The motion for a new trial in this case was overruled on December 26, 1911; the petition in error was filed in this court on June 26, 1912.   Since the motion for new trial was overruled more than sixteen months have elapsed, during which time the defendant in error has made no appearance in this court; the issuance of summons in error has not been waived; no praecipe for summons in error has been filed in the office of the clerk of this court; no summons in error has

ever been issued or served in this cause; and no attempt has been made to bring this defendant in error in this court."

There is ample authority sustaining a dismissal upon each of the foregoing grounds.

The motion to dismiss must be sustained.

All the Justices concur.